UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BURGOS VEGA, | : | |
|     Plaintiff, | : | PRISONER CASE NO. |
| | : | 3:13-CV-01871 (VLB) |
| v. | : | |
| | : | |
| JAMES DZURENDA, et al., | : | |
|     Defendants. | : | December 18, 2013 |

## ORDER TO AMEND COMPLAINT

In order to state a claim for relief, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly,* 550 U.S. at 557). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663. The complaint must consist of "a short and plain statement" of each claim, including the defendant against whom the claim is being asserted, the

1

conduct in which the plaintiff alleges each defendant engaged, and the right that conduct allegedly violated.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation omitted).  This short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Moreover, because the plaintiff brings this action pro se, the Court must liberally construe his complaint "to raise the strongest arguments it suggests." *Jabbar v. Fischer*, 683 F.3d 54, 56 (2d Cir. 2012) (quotation marks, alterations, and citation omitted).  *See also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ("This policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training") (internal quotation marks and citation omitted).  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and quotation omitted).  "[A] district court generally should not dismiss a pro se complaint without granting the plaintiff leave to amend," except

where amendment would be futile.  *Basile v. Connolly*, 13-339-CV, 2013 WL 4711473 (2d Cir. Sept. 3, 2013).

Your complaint fails to meet the requisite pleading standard.  Your complaint fails to state the specific act or omission about which you complain, the specific defendant charged with that claimed act or omission, and the approximate date on which the act or omission occurred or began and, if the act or omission is ongoing, the fact that it is continuing.  As a consequence, the defendants are unable to determine the precise claims you assert against them and are therefore unable to defend the action.  This is particularly true for the John Doe defendants as to whom no act or omission is attributable.  Your complaint also fails to specify which plaintiff is asserting which claim, and some of the claims are unique to a particular plaintiff.  Finally, you have failed to follow the instructions on the complaint form, instructing plaintiffs that:

> You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

and

> If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

[Dkt. 1, Compl., p. 6].

3

**Accordingly, this case has been severed into two cases.**[1]  **In order to clearly and concisely state your claims in a manner which would afford each defendant a fair opportunity to mount a defense, each plaintiff is ordered to file an amended complaint <u>NOT LATER THAN JANUARY 31, 2014</u>, stating that plaintiff's claims with greater particularity and clarity as follows:**

1. **Each legal claim must be asserted in a separate count.**
   a. **Each claim against each defendant must be pled in a separate count. Thus, if you are claiming that five defendants violated a particular right, you must have five counts, each alleging facts as to a single defendant which you claim constitute the alleged violation.**
   b. **If you allege that an individual violated more than one right, each alleged violation must be in a separate claim.  Thus, if you allege that a single defendant violated your rights in three ways, you must have three counts for that defendant, one for each alleged violation.**
2. **Each count must state the approximate date on which the act or omission occurred.**
3. **Each count must state the act(s) or omission(s) of the subject defendant which you claim constitutes a violation of your rights.**
4. **Each count must allege with particularity that you have exhausted your administrative remedies by stating the date and content of the grievance you filed, the disposition of the grievance, the individual(s) who**

---

[1] **The complaint was originally filed on docket number 3:13-cv-838(VLB).  The claims of the two plaintiffs were severed on December 17, 2013.**

4

investigated the grievance (if any), the individual(s) who adjudicated the grievance, and the date of the adjudication.

The extended deadline for filing the amended complaints was set in deference to each plaintiff's pro se status.

**FAILURE TO AMEND YOUR COMPLAINT BY JANUARY 31, 2014 MAY RESULT IN THE DISMISSAL OF YOUR CASE**.

                                                IT IS SO ORDERED.

                                      _____/s/_____
                                      Hon. Vanessa L. Bryant
                                      United States District Judge

Dated at Hartford, Connecticut: December 18, 2013